## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**JEFFREY COURTJAY JACKSON**                                                                  **PLAINTIFF**

**V.**                                                                       **NO: 3:22CV095-MPM-JMV**

**LINDA LYONS, JUSTICE COURT CLERK;**
**JOHN LANTERN, E030, MISSISSIPPI HIGHWAY PATROLMAN;**
**MISSISSIPPI HIGHWAY PATROL;**
**PANOLA COUNTY JUSTICE COURT; AND**
**LYNN FITCH, MISSISSIPPI ATTORNEY GENERAL**                              **DEFENDANTS**


## ORDER

The *pro se* plaintiff Jeffrey Courtnay Jackson has filed an Amended Complaint in the above-entitled action, and this court finds this filing to be patently frivolous and worthy of dismissal. This action arises from a simple speeding ticket which plaintiff received after he was stopped by Mississippi Highway Patrol Trooper John Lantern. Jackson contested the ticket in Panola County Justice Court and sent copies of his legal filings to Mississippi Attorney General Lynn Fitch. Jackson now sues Trooper Lantern, the Mississippi Highway Safety Patrol ("MHP"), and Attorney General Fitch under 42 U.S.C. § 1983, alleging that his constitutional rights were violated.

In his Amended Complaint, plaintiff takes issue not only with the constitutionality of the traffic ticket he received in this case, but rather the basic legality of *any* officer writing traffic tickets. Specifically, plaintiff alleges that "[t]he structure of the traffic ticket R.I.C.O. scheme shows that it is unconstitutional starting at the gate when the police officer signs in the place of a judicial officer of the court." [Amended Complaint at 16]. Plaintiff also casts a harsh judgment upon the basic legality of Mississippi's judicial proceedings relating to traffic tickets, writing that "[i]t appears traffic court judge is not a real judge with legal judicial authority" and demanding that this court so hold. [*Id.* at 3]. Plaintiff combines these and other frivolous legal claims with fantastical requests for relief, such

1

as that this court grant him "complete control of the state court's corporate charter," that it "revoke the state court judge's license to practice law" that it "order the officer John Lantern not to have contact with the plaintiff without an officer corporate supervisor present." [*Id.* at 3]. Along with this injunctive and declaratory relief, plaintiff demands that he be awarded twenty million dollars in damages. [*Id.* at 3].

Based upon these and similar allegations, this court regards the Amended Complaint as a whole to be frivolous on its face, and it concludes that none of the defendants in this case should be burdened with dealing with it any further. This court notes that the state defendants already filed a motion to dismiss the initial complaint, in which they correctly argued that the claims for monetary damages against the State violated Eleventh Amendment sovereign immunity principles and that the remaining claims were patently without merit. [Docket entry 4]. This court concludes that the same conclusion applies to plaintiff's Amended Complaint, and it will not require the State of Mississippi to expend the resources necessary to file yet another motion to dismiss. This court believes that the frivolousness of this lawsuit is plain and obvious, and it will be dismissed as such.

In light of the foregoing, it is hereby ordered that this action is dismissed as frivolous.

A separate judgment will be entered this date pursuant to Fed. R. Civ. P. 58.

So ordered, this, the 20th day of July, 2022.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

2